```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
FRANKLIN BARBER,                                         :
                                                         :     19-CV-3097 (VEC)
                                        Petitioner,      :     16-CR-372-5 (VEC)
                                                         :
                  -against-                              :
                                                         :     **MEMORANDUM**
UNITED STATES OF AMERICA,                                :     **OPINION & ORDER**
                                                         :
                                        Respondent.      :
-------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Franklin Barber, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Dkt. 183.[1] On June 2, 2017, Petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute cocaine base; on April 27, 2018, he was sentenced to 120 months' imprisonment. Dkts. 125, 176, 179. On April 5, 2019, Petitioner filed a Section § 2255 Petition (the "Petition"), seeking to vacate his sentence on the grounds that he received ineffective of counsel. Dkt. 183. Upon careful review of Petitioner's arguments, the Court finds that Petitioner's claims lack merit. Accordingly, the Petition is DENIED.

## BACKGROUND

On June 15, 2016, Superseding Indictment S1 was filed, charging six defendants, including Petitioner, with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Dkt. 34. On June 2, 2017, Petitioner pleaded guilty to the lesser included offense of conspiracy to distribute and possess with the intent to distribute more than 28 grams of cocaine base in violation of 21

---

[1] For consistency, the Court will reference the docket numbers in 16-CR-372-5. The § 2255 petition is also filed in 19-CV-3087 at docket entry 1. The Government's opposition is filed in 19-CV-3087 at docket entry 11.

U.S.C. §§ 846 and 841(b)(1)(B). Dkt. 125. The plea agreement specified that Petitioner waived his right to appeal or collaterally challenge any sentence of imprisonment within or below the guidelines range, but indicated that he retained the right to assert claims of ineffective assistance of counsel. Dkt. 192-1 at 5-6. Susan Kellman was appointed to represent Petitioner and represented him when he pled guilty and at sentencing. Dkt. 94. Petitioner's previous appointed counsel withdrew after a deterioration of the attorney-client relationship. Dkts. 89, 94. During his plea allocution, Petitioner stated under oath that he was satisfied with his attorney and had discussed the plea agreement with her. Dkt. 125 at 5, 13.

Petitioner was sentenced on April 27, 2018. Dkt. 179. The Court explained that Petitioner was a career offender because he was over 18 at the time of the instant offense, the instant offense was a felony violation of a controlled substances law, and petitioner had at least two prior felony convictions for violations of narcotics laws. *Id.* at 5. The Court found that Petitioner had 23 criminal history points, putting him in criminal history Category VI and yielding a guidelines range of 188 to 235 months' imprisonment, which was the range stipulated in the Plea Agreement and calculated by the Probation Department in the Presentence Report. *Id*. at 6-7. The Court varied downward and imposed a below-guidelines sentence of 120 months' imprisonment, to be followed by five years of supervised release. *Id.* at 20.

Petitioner now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. 183. Specifically, Petitioner argues that his attorney provided ineffective assistance by failing to request a *Fatico* hearing and by advising him that he was a career offender. Dkt. 183 at 4-5. The Government opposes the petition and argues that Petitioner's claims fail under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. 192.

# DISCUSSION

## I. Legal Framework

The Court notes at the outset that petitioner is proceeding *pro se*. Courts "have never held *pro se* prisoners to the standards of counseled litigants." *Gonzalez v. Crosby*, 545 U.S. 524, 544 (2005) (citing *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*)). Accordingly, "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (emphasis in *Triestman*)).

Under 28 U.S.C. § 2255, a petitioner "may move the court which imposed [petitioner's] sentence to vacate, set aside or correct the sentence." Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Brama v. United States,* No. 08-CV-1931, 2010 WL 1253644, at *2 (S.D.N.Y. Mar. 16, 2010) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

## II. Petitioner's Ineffective Assistance of Counsel Claims

### A. Applicable Law

A claim of ineffective assistance of counsel will only be granted if a petitioner can show that his counsel's performance fell below an objective standard of reasonableness *and* that he was prejudiced by his counsel's deficient performance. *Strickland*, 466 U.S. at 687-96 . This two-prong test is difficult to satisfy. *See Shi Hui Sun*, 2013 WL 1947282, at *4 ("[Ineffective assistance of counsel] is a difficult showing to make, as courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance, bearing in mind that there are countless ways to provide effective assistance in any given case.'") (quoting *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990)) (alterations omitted). A petitioner cannot prevail on a claim of ineffective assistance of counsel "merely because in hindsight he thinks [his] counsel's [] strategy was inadequate," *United States v. Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986); the petitioner must show that his counsel "made errors so serious" that she was not "functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment,'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

The second prong of the *Strickland* inquiry is not satisfied unless a petitioner can affirmatively prove prejudice by showing "that there is a 'reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" *Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir. 2000) (quoting *Strickland*, 466 U.S. at 694). When the petitioner fails to demonstrate sufficient prejudice, the Court need not examine the question of whether counsel rendered reasonably effective assistance. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one. ... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

The *Strickland* two-part standard applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Thus, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but

4

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

> B. **The Failure to Request a *Fatico* Hearing Was Not Ineffective Assistance of Counsel**

Petitioner alleges that his counsel was constitutionally ineffective because she allegedly advised him that a *Fatico* hearing did not exist, threatened to withdraw if he requested a *Fatico* hearing, and ultimately never requested the hearing. Dkt. 183 at 5. Petitioner's claim fails; it is barred by the waiver provision in his plea agreement, and, even if it were not, it does not constitute ineffective assistance of counsel.

> i. Waiver

A defendant who has "secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence," is prohibited from appealing the "merits of a sentence conforming to the agreement," as "such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993) (*per curiam*). Here, as noted *supra*, Petitioner's plea agreement specified that Petitioner waived his right to appeal or collaterally challenge his sentence, but indicated that he retained the right to assert claims of ineffective assistance of counsel. Dkt. 192-1 at 5-6.

Petitioner argues that counsel's failure to request a *Fatico* hearing resulted in him "being held accountable for a larger quantity of drugs" than he should have been. Dkt. 183 at 5. Petitioner's claim is, in essence, a challenge to his sentence and is, accordingly, barred by the waiver provision in the plea agreement. *United States v. Garcia*, 166 F.3d 519, 522 (2d Cir. 1999) ("[D]espite his effort to dress up his claim as a violation of the Sixth Amendment, [defendant] in reality is challenging the correctness of his sentence [], and is therefore barred by

5

the plain language of the waiver contained in his plea agreement with the government") (quoting *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (*per curiam*) (alterations omitted). Petitioner cannot argue that his counsel's alleged statements regarding the *Fatico* hearing or her ultimate failure to request a hearing had any impact on his decision to plead guilty (those discussions must have occurred in the context of the sentencing proceedings). Thus, this claim is merely a roundabout attempt to challenge his sentence. Because he waived his right to collaterally attack his sentence, the claim is barred. *See Moore v. United States*, No. 00-CV-4560, 2001 WL 253432, at *16 (S.D.N.Y. Mar. 15, 2001) (an "alleged failure to seek a *Fatico* hearing is not an ineffective assistance claim that relates to the validity of [petitioner's] plea or the waiver itself."); *United States v. Martinez*, No. 13-CV-3454, 2014 WL 7146846, at *7 (finding that petitioner waived his claim that "counsel erred by not pursuing a *Fatico* hearing" because a claim of ineffective assistance that is "unrelated to the plea bargaining process does not provide a basis upon which to invalidate a waiver of the right to challenge the conviction by appeal or by a Section 2255 proceeding.").

      ii.    **Ineffective Assistance of Counsel**

Although Petitioner's claim regarding his attorney's failure to request a *Fatico* hearing is independently barred by the waiver provision in his plea agreement, the claim also lacks merit.

"The decision to request or not [to] request a *Fatico* hearing is a strategic one," *Flores-Mendez v. United States*, No. 17-CV-2767, 2018 WL 357311 at *3 (S.D.N.Y. Jan. 10, 2018), and courts "presume that such a strategy is sound absent a strong showing to the contrary," *United States v. Santiago*, 330 F. App'x 234, 239 (2d Cir. 2009). Here, Petitioner fails to indicate what evidence a *Fatico* hearing would have produced; his conclusory assertion that the failure to request a hearing "led to [him] being held accountable for a larger quantity of drugs" is

6

insufficient to support a claim of ineffective assistance of counsel. *See United States v. Costa,* 423 F. App'x 5, 9 (2d Cir. 2011) ("in the absence of what evidence, if any, a *Fatico* hearing might have established, [the Court] "cannot conclude that counsel's failure to request one prejudiced [petitioner] in any way"); *Flores-Mendez*, 2018 WL 357311 at *3 (explaining that "without evidence of what a *Fatico* hearing might have established, petitioner cannot demonstrate that his attorney's actions were deficient or unreasonable.").

Moreover, the Court agrees with the Government that defense counsel's decision not to request a *Fatico* hearing was reasonable under the circumstances. *See* Dkt. 192 at 7-9. Because Petitioner pleaded guilty to possessing 28 to 112 grams of crack cocaine, the minimum amount required for the lesser included offense to which he pled, requesting a *Fatico* hearing would not only have been futile, but also could have risked introducing evidence that Petitioner possessed a far greater amount of crack cocaine.[2] *See Flores-Mendez*, 2018 WL 357311 at *3 (explaining that counsel reasonably decided not to request a *Fatico* hearing "to avoid the risk of worsening his [] client's outcome"). Additionally, seeking a *Fatico* hearing could have risked the three-point reduction in Petitioner's guideline range for acceptance of responsibility. *See Rosenberger v. United States*, 133 F. App'x 799, 801 (2d Cir. 2005) (explaining that counsel's strategic decision not to request a *Fatico* hearing was reasonable because it risked defendant's Guidelines adjustment for an acceptance of responsibility.).

Because Petitioner has failed to demonstrate that counsel's decision not to request a *Fatico* hearing was unreasonable, even if the claim had not been waived, it would fail.[3]

---

[2] This Court noted at sentencing that the Government's willingness to stipulate to a range of 28 to 112 grams was a "huge concession" to Petitioner because "the government could have proven he was responsible for substantially more than 112 grams." Dkt. 179 at 5.

[3] Because petitioner fails to demonstrate that counsel's performance was deficient, the Court need not reach the prejudice prong of the *Strickland* analysis. Nevertheless, the Court notes that Petitioner does not argue that, but

C.  **Career Offender**

Finally, Petitioner argues that his counsel was constitutionally ineffective because she falsely advised him that he was a career offender. Dkt. 183 at 6. Petitioner asserts that "had [he] known [he] did not qualify as a career offender, [he] would not have signed [the] plea agreement or pleaded guilty." *Id.* Because Petitioner is a career offender, the premise of his claim fails.

To qualify as a career offender, a defendant must be: (1) at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G § 4B1.1(a). As explained by this Court at sentencing, Petitioner satisfies all three requirements. Dkt. 179 at 5. Petitioner was thirty-five years old at the time he committed the instant offense, the instant offense is a felony involving a controlled substance, and petitioner has two convictions for crimes of violence or controlled substances.[4] Because Petitioner qualifies as a career offender, Petitioner's counsel provided effective assistance when she so advised him.

## CONCLUSION

For the foregoing reasons, the Petition is denied. The Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional

---

for the failure to request a *Fatico* hearing, he would not have pleaded guilty. Accordingly, Petitioner also fails to show that counsel's decision prejudiced him.

[4]  Petitioner has an extensive criminal history. Although only two felony convictions for controlled substances violations or crimes of violence are necessary to qualify as a career offender, Petitioner has at least four qualifying convictions: (1) in March 2013 Petitioner was convicted of conspiracy to distribute crack and heroin and was sentenced to time-served (approximately two years); (2) in November 2009, Petitioner was convicted of criminal possession of a controlled substance in the fifth degree and attempted criminal possession of a controlled substance in the third degree and was sentenced to four years' imprisonment; (3) in August 2002, Petitioner was convicted of robbery in the third degree and attempted sale of a controlled substance in the third degree, for which he was sentenced to three to six years' imprisonment; and (4) in June 1999, Petitioner was convicted of second degree assault, for which he was sentenced to two years' imprisonment. *See* Dkt. 179 at 6-7.

8

right.  *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.  The Clerk of Court is respectfully directed to terminate the open motion at docket entry 183 and close the case.

**SO ORDERED.**

Date:  December 30, 2019
       New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**